**Todd M. Friedman (216752)**
**Darin Shaw (251037)**
**Law Offices of Todd M. Friedman, P.C.**
**369 S. Doheny Dr. #415**
**Beverly Hills, CA 90211**
**Phone: 877-206-4741**
**Fax: 866-633-0228**
**tfriedman@attorneysforconsumers.com**
**dshaw@attorneysforconsumers.com**
**Attorneys for Plaintiffs**

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VINCENT LANGLEY AND ROBIN LANGLEY,** ) | Case No. |
| ) | |
| Plaintiffs, ) | **COMPLAINT FOR VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT** |
| vs. ) | |
| **ASR NATIONAL SERVICES INC.,** ) | |
| ) | |
| Defendant. ) | |

## I. INTRODUCTION

1. This is an action for damages brought by two individual consumers for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of

Complaint - 1

which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d).

## III. PARTIES

3. Plaintiffs, Vincent Langley and Robin Langley ("Plaintiffs" collectively herein, and "Plaintiff Vincent" or "Plaintiff Robin" individually herein), are natural persons residing in Sacramento county in the state of California, and are "consumers" as defined by the FDCPA, 15 U.S.C. §1692a(3) and are "debtors" as defined by Cal Civ Code §1788.2(h).

4. At all relevant times herein, Defendant, ARS National Services Inc. ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiffs which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint,

Defendant contacted Plaintiffs in an attempt to collect an alleged outstanding debt.

6. On or about August 5, 2010, Defendant called Plaintiffs' home seven times in a row without leaving a message. When Plaintiffs' son answered the phone, the caller refused to identify themselves. Plaintiffs' son took Defendant's phone number and provided it to his mother.

7. On or about August 5, 2010, Plaintiff Robin called Defendant after her son gave her the message from Defendant. In that phone call, Defendant refused to tell Plaintiff Robin any information regarding the reason for their call. Defendant attempted to get personal information regarding Plaintiffs, but would not give Plaintiff Robin their address, fax number, or any information regarding their business. When Plaintiff Robin asked Defendant if they were a debt collector, she was hung up on.

8. On August 10, 2010, Plaintiffs' counsel sent a letter to Defendant requesting verification of the alleged debt. When Defendant failed to respond to that letter, Plaintiffs' counsel sent a second letter on September 3, 2010. Defendant has yet to provide verification of the alleged debt.

9. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

    a) Failing to disclose the caller's individual identity in a telephone call to Plaintiff (§1692d(6));

b) Failing to notify Plaintiff during the initial communication with Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose (§1692e(11));

c) Failing to notify Plaintiff during each collection contact that the communication was from a debt collector (§1692e(11));

d) Placing (a) telephone call(s) to Plaintiff without disclosure of the caller's true identity or a registered alias name along with the name of the agency authorizing the call (Cal Civ Code §1788.11(b));

e) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d)); and

f) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e)).

10. As a result of the above violations of the FDCPA and RFDCPA Plaintiffs suffered and continue to suffer injury to Plaintiffs' feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiffs for Plaintiffs' actual damages, statutory damages, and costs and attorney's fees.

## **COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT**

11. Plaintiffs reincorporate by reference all of the preceding paragraphs.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

    B.    Actual damages;

    C.    Statutory damages;

    D.    Costs and reasonable attorney's fees; and,

    E.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

12.    Plaintiffs reincorporate by reference all of the preceding paragraphs.

13.    To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the RFDCPA;

    B.    Actual damages;

    C.    Statutory damages for willful and negligent violations;

    D.    Costs and reasonable attorney's fees,

    E.    For such other and further relief as may be just and proper.

**PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY**

Respectfully submitted this 14th day of February, 2011.

By: s/ Todd M. Friedman_____
Todd M. Friedman
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiffs